**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
ALFONSO GARCIA,

                       Plaintiff,

          -against-

J&L CONSTRUCTION LLC AND
LUCY SANCHEZ,

                    Defendants.
------------------------------------------------------------------X

                                **24 Civ. 5260 (DEH) (GS)**

                                <u>**VIDEO CONFERENCE**</u>
                                <u>**ORDER**</u>

**GARY STEIN, United States Magistrate Judge:**

      This action is scheduled for a Video Conference **<u>Monday, December 1, 2025</u> at 3:00**

**p.m.** in connection with the inquest on damages following entry of a default judgment in favor of

Plaintiff and against Defendants J& L Construction LLC ("J&L") and Lucy Sanchez

("Sanchez"). Plaintiff's counsel is directed to join the conference via Microsoft Teams at the

scheduled time using the following link: <u>Click here to join the meeting</u>. **Meeting ID: [226 692**

**011 123 12] Passcode: [iH69nQ73]**

      Counsel should be prepared to discuss the following matters with respect to Plaintiff's

damages calculations:

      1.      With respect to Plaintiff's claim for fraud damages, how does Plaintiff calculate

his damages of $25,644.11? Which specific charges on the credit card statements does Plaintiff

contend are the unauthorized charges made by Defendant Sanchez that total this amount? More

specifically, which specific charges comprise: (a) the unauthorized Home Depot charges in the

amount of $7,422.20 and (b) the unauthorized other charges and cash advances in the amount of

$18,221.91?[1]  In addition, is Sanchez entitled to a credit against the amounts claimed by Plaintiff for any of the "Payments and Other Credits" reflected on the credit card statements, including the $2,000 payment "from CHK 7133" on March 27, 2020?

2.      With respect to Plaintiff's claim for breach of contract damages, was the laundromat ever built?  Beyond the $15,000 paid to remediate substandard work performed by Defendants, how much, if anything, did Plaintiff pay JRV General Contractor Inc. ("JRV") (or any other third party) to perform construction work on the laundromat?[2]  How, if at all, does the work JRV agreed to perform for $375,618.75 (Dkt. No. 36 Ex. H) differ from the work Defendant J&L agreed to perform for $155,000 (Dkt. No. 36 Ex. A)?  If no additional payments were made to JRV (or other contractors) beyond the $15,000 payment, what is the proper measurement of damages on Plaintiff's breach of contract claim?

**SO ORDERED.**

DATED:      New York, New York
            November 18, 2025

_____
The Honorable Gary Stein
United States Magistrate Judge

---

[1] In his Declaration, Plaintiff states that he went through the credit card statements and "highlighted each and every charge and cash advance that [he] knew [he] did not make and did not authorize."  (Dkt. No. 36 ¶ 18).  However, the Court was not supplied with highlighted copies of the credit card statements.

[2] In his Declaration, Plaintiff states that JRV "provided [him] with an agreement to perform the work originally intended to be performed" by J&L, and attaches a price quote from JRV.  (Dkt. No. 36 ¶ 24 & Ex. H).  However, Plaintiff does not state that he proceeded to enter into a binding agreement with JRV or that JRV performed any work, or that Plaintiff paid JRV any amounts, beyond the $15,000 paid to remediate the substandard work performed by J&L.